UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN C. BULL, :
: NO. 1:07-CV-00031
    Plaintiff, :
:
:
v. : **OPINION AND ORDER**
:
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant.

    This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 11), to which there was no objection. In his Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Supplemental Security Income ("SSI") be affirmed and this case be dismissed from the docket of the Court (Id.). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

    Based on a combination of mental and physical impairments, Plaintiff filed his application for SSI in July of 1999, which Defendant denied initially and subsequently upon reconsideration (Id.). In August 2004, Plaintiff requested a hearing before an ALJ, which he obtained, and at which he was represented by counsel (Id.). The ALJ denied Plaintiff's application in December, 2004, following which Plaintiff requested review by the Appeals Council (Id.). The Appeals Council denied

this request in November, 2006, after which Plaintiff timely filed his Complaint with this Court in January, 2007 (Id.).

Plaintiff asserts the ALJ made four errors prejudicial to his case (Id.). First, he argues the ALJ improperly relied upon the opinions of non-treating physicians as opposed to the opinion of the treating physician, Dr. Zeglo (Id.). Second, he contests the ALJ's finding that Plaintiff and Plaintiff's ex-wife were not sources of credible testimony (doc. 11). Third, he contends the ALJ erred by not finding Plaintiff disabled under Listing 12.02 (Id.). Fourth, he argues the ALJ improperly concluded that Plaintiff was able to perform a significant number of jobs in the national economy (Id.).

In the Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable law, and concluded that substantial evidence supported the ALJ's conclusion (Id.). The Magistrate Judge first considered Plaintiff's contention that the ALJ improperly relied upon the opinions of non-treating physicians rather than the treating physician, Dr. Zeglo (Id.). The Magistrate Judge found that the ALJ properly rejected the medical opinion of Dr. Zeglo for two reasons (Id.). First, there was not a long professional relationship between Plaintiff and Dr. Zeglo, as they only interacted in three appointments in Spring, 2002 (Id.). Second, the Magistrate Judge found the medical opinion of Dr. Zeglo

inconsistent with opinions of other medical professionals that evaluated Plaintiff (Id.). Dr. Watanabe, who observed Plaintiff in 2000, described Plaintiff's memory as good and his cognitive defects as mild (Id.). Dr. Bouman, a clinical psychologist, concluded that Plaintiff did not have serious cognitive deficits (Id.). Furthermore, Dr. Gabis, another clinical psychologist, in a 2001 evaluation, found that Plaintiff's memory and concentration capacities were intact while Plaintiff was in a structured environment, although further finding significant deterioration in Plaintiff's cognitive functioning after discharge into society at large (Id.). Dr. Casterline, a clinical psychologist, concurred with the opinion of Dr. Gabis, stating that Plaintiff's cognitive capacities were intact (Id.). Only Dr. Melvin shares the opinion of Dr. Zeglo that Plaintiff is cognitively subject to marked limitations (Id.). In contrast, Dr. Rohs, per his 2003 evaluation, found Plaintiff's memory to be relatively intact (Id.). Dr. Berg found Plaintiff's memory fair and not subject to concentration capacity limitation (Id.). The Magistrate Judge found the bulk of medical testimony weighs against the opinions of Drs. Zeglo and Melvin (Id.). For these reasons, the Magistrate Judge found the ALJ's finding supported by substantial evidence and concluded that the ALJ did not improperly rely upon the opinions of non-treating physicians (Id.).

Next, the Magistrate Judge turned to Plaintiff's second

-3-

argument, that the ALJ improperly found that Plaintiff and Plaintiff's ex-wife were not sources of credible testimony (Id.). The ALJ concluded that the testimony provided by Plaintiff and his ex-wife regarding Plaintiff's functional limitations was not credible when viewed in light of the medical evidence in the record (Id.). The evaluations of Drs. Ray, Carter and Johnson in conjunction with the x-ray reports of Dr. Rubenstein indicated that Plaintiff could stand/walk for two hours per workday, and not one hour per workday as claimed by Plaintiff (Id.). The Magistrate found that the ALJ did not err in relying on this medical evidence (Id.).

Next, the Magistrate Judge turned to Plaintiff's argument that the ALJ erred by not finding Plaintiff disabled under Listing 12.02 (Id.). To be considered disabled Plaintiff must meet one criterion of the criteria listed in Section (A) and Section (B) of Listing 12.02 (doc. 11). Plaintiff did not do so, and the Magistrate Judge concluded therefore that the ALJ's determination that Plaintiff is not disabled was proper.

Finally, the Magistrate Judge turned to Plaintiff's argument that the ALJ improperly concluded that Plaintiff was able to perform a significant number of jobs in the national economy (Id.). Dr. Ray's examination of Plaintiff showed only mild weakness and normal muscle strength in the right shoulder (Id.). Dr. Ray imposed a restriction on all but "occasional reaching

(Id.)." Dr. Ray further concluded Plaintiff's ability to reach in all directions was limited (Id.). The ALJ interpreted the limitations as applying only to overhead reaching in light of Plaintiff's complaint to Dr. Ray regarding pain when extending his right arm coupled with his ability to perform tasks such as cooking, cleaning, laundry, grocery shopping, and household chores (Id.). Ultimately, the Magistrate Judge concluded that the ALJ's decision denying an award of SSI benefits was supported by substantial evidence and should be affirmed (Id.).

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's decision supported by substantial evidence. Additionally, the Court finds well-taken the ALJ's reliance on the opinions of Drs. Watanabe, Casterline, Bouman, and Berg regarding Plaintiff's mental impairments. The Court further finds the ALJ's credibility determination supported by substantial medical evidence. See Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983). Finally, the Court agrees that Plaintiff has not met the requirements of Listing 12.02, and that the ALJ's conclusion regarding Plaintiff's reaching restriction was correct.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C.

-5-

§ 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Id.), AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.

SO ORDERED.

Dated: 5/27/08

S. Arthur Spiegel
United States Senior District Judge